# EXHIBIT B

Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
Juliana G. Blaha (SBN 331066)
Julians@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343

*Attorneys for Plaintiff*

Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICE OF DANIEL G. SHAY**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 619-222-7429
F: 866-219-8344

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**03/26/2021** at 04:36:22 PM
Clerk of the Superior Court
By Alma Rhodes, Deputy Clerk

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA
# COUNTY OF SAN DIEGO

| | |
|---|---|
| BROOKE PAULUS,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and MISSION FEDERAL CREDIT UNION,<br><br>Defendants. | CASE NO.  37-2021-00013537-CL-MC-CTL<br><br>[LIMITED JURISDICTION]<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF<br><br>THE FAIR CREDIT REPORTING ACT, § 1681 *ET SEQ.*<br><br>THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1 ET SEQ.<br><br>ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32<br><br>NEGLIGENCE<br><br>JURY TRIAL DEMANDED |

1

Complaint for Damages

## INTRODUCTION

1. The United States Congress has long been concerned with safeguarding consumers' personal information and privacy. Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq, to protect consumers and regulate those that buy and sell consumer reports aka credit reports. The FCRA provides rules for consumer reporting agencies regarding their responsibilities concerning fairness, impartiality, and a respect for consumers' rights to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties and restrictions on those that access consumer credit information to ensure they have a permissible purpose to do so.

2. The California legislature found that the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code § 1785.1 et seq, to ensure accuracy of consumer credit reports. The CCCRAA imposes duties on those that furnish information to credit reporting agencies.

3. Brooke Paulus ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Experian Information Solutions, Inc. and Mission Federal Credit Union (collectively "Defendants") for failing to maintain and follow reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer credit reports.

4. Plaintiff alleges violations upon personal knowledge and experience. As to all other matters, Plaintiff bases the allegations on information and belief, including investigation conducted by Plaintiff's attorneys.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

2

7. The violations were knowing, willful, and intentional and Defendants did not maintain procedures reasonably adapted to avoid any such specific violations.

8. Unless otherwise indicated, the use of any Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## JURISDICTION AND VENUE

9. Jurisdiction of this court is proper for violations of the FCRA, 15 U.S.C. § 1681 *et seq* pursuant to 15 U.S.C. § 1681p.

10. Jurisdiction is proper pursuant to an agreement between the parties.

11. Defendants are authorized to and regularly conducts business in the State of California, and thus, personal jurisdiction is established.

12. Venue is proper in San Diego because Plaintiff resides in San Diego County and the illegal acts alleged herein occurred in San Diego County.

## PARTIES & DEFINITIONS

13. Plaintiff is, and at all times mentioned herein was, a natural person, individual citizen and resident of the State of California, County of Riverside, in this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and by Cal. Civ. Code § 1785.3(b).

14. Experian Information Solutions, Inc. ("Experian") is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA, as it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15. Mission Federal Credit Union ("MFCU") is a "person" under Cal. Civ. Code § 1785.3(j).

///

3

Complaint for Damages

16. At all times relevant herein Defendants conducted business in the State of California, in the County of San Diego, within this judicial district.

17. The cause of action herein pertain to Plaintiff's "consumer reports", as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA and by Cal. Civ. Code § 1785.3(d) of the CCCRA, in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

### CCCRAA FACTUAL ALLEGATIONS

18. Sometime prior to the filing of this action, Plaintiff incurred a debt to MFCU under the account number beginning with 100009.

19. On May 21, 2020, Plaintiff filed a Chapter Seven Bankruptcy in the Southern District of California under case number 20-02570-MM7.

20. On June 23, 2020, MFCU pulled Plaintiff's credit report. By pulling Plaintiff's credit report, MFCU was constructively notified that Plaintiff has filed bankruptcy.

21. On August 19, 2020, the Bankruptcy Court granted a discharge of all of Plaintiff's relevant debts.

22. On or about January 4, 2021, Plaintiff checked Plaintiff's Experian credit report and was surprised to see that MFCU was reporting a balance of $935. Additionally, MFCU reported the account as "Account charged off," "$935 written off," and "$935 past due as of Dec 2020." MFCU should have reported a "$0 balance" and reported the account as discharged in bankruptcy.

23. By furnishing inaccurate information to the credit bureau(s), MFCU has misrepresented the status of Plaintiff's financial obligations.

24. MFCU knew, or should have known, that the information furnished was inaccurate. By providing it, MFCU violated Cal. Civ. Code § 1785.25(a) that states;

> "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

25. The inaccurate information furnished and reported by MFCU negatively reflects upon Plaintiff, Plaintiff's credit history, Plaintiff's financial responsibility, and Plaintiff's credit worthiness.

26. As a result of MFCU's improper conduct, Plaintiff has suffered damages due to MFCU's misrepresentations.

27. Plaintiff has suffered actual damages in the form of worry, stress, lost time and spent energy. Plaintiff should not have to deal with this situation at all.

28. MFCU either knowingly or recklessly violated the CCRAA. There is no reasonable interpretation of the CCRAA which could consider MFCU's actions lawful. In *People v. Bell*, 45 Cal. App. 4th 1030, the court defined willfully and knowingly as requiring "only that the illegal act or omission occur 'intentionally,' without regard for the motive or ignorance of the act's prohibited character."

29. In addition, through this conduct, MFCU violated Cal. Civ. Code § 1788.17, which incorporates 15 U.S.C. § 1692f, by using unfair and unconscionable means in connection with the collection of an alleged balance.

### FCRA FACTUAL ALLEGATIONS

30. As stated above, on August 19, 2020, the Bankruptcy Court granted a discharge of all of Plaintiff's relevant debts.

31. On or about January 4, 2021, Plaintiff checked Plaintiff's Experian credit report and was surprised to see that Experian was reporting a balance of $935, allegedly owed to MFCU. Experian also reported the account as "Account charged off,"

5

Complaint for Damages

"$935 written off," and "$935 past due as of Dec 2020." In addition, Experia was reporting a balance of $289, allegedly owed to Collection Bureau of America. Experian also reported the account as "Collection account. $289 past due as of Dec 2020". In both scenarius, Experian should have reported a "$0 balance" and reported the account as discharged in bankruptcy.

32. Experian shows the account as still due and owing and able to be enforced and collected.

33. Additionally, Experian's conduct was a violation of the injunction in *White, et al. v. Experian Info. Solutions, Inc.*, Case No. CV 05-1070, which mandates Experian to update the reports on its own after an account is discharged in bankruptcy.

34. Experian has no reasonable means of monitoring or updating accounts once they are discharged in bankruptcy. Experian has been reporting derogatory and inaccurate information relating to Plaintiff and her credit history to third parties.

35. Experian is a professional credit reporting agency and its entire business revolves around information and credit reporting. It is well-versed in bankruptcy and the resulting discharge of debt that obligates it to report "$0 Balance".

36. Experian has access to information on bankruptcy filing dates, court locations, case numbers and discharge dates.

37. Experian could obtain information related to each and every discharge issued by a U.S. Bankruptcy court in a bankruptcy proceeding through Lexis and/or PACER, an online court reporting service available to everyone.

38. PACER includes information regarding whether a debt has been discharged or remains due. Therefore, if Experian were to use services of which it is aware and has access, Experian could achieve a near perfect accuracy in the reporting of pre-bankruptcy debts.

39. Plaintiff's discharge information was readily available to Experian. But Experian does not have the proper procedures in place to utilize that information to ensure

6
Complaint for Damages

maximum possible accuracy, resulting in reporting errors, which is what happened to Plaintiff.

40. Lenders, and potential lenders, have accessed Plaintiff's reports while Experian's false information still existed on the credit reports, thereby misrepresenting Plaintiff's credit worthiness.

41. The inaccurate information negatively reflects upon Plaintiff, her credit history, financial responsibility, and credit worthiness.

42. Experian has denied Plaintiff a fresh start as provided by Title 11 of the U.S. code.

### FIRST CAUSE OF ACTION
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE §§ 1785 ET SEQ.

43. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

44. As a furnisher of information, MFCU is required to comply with Cal. Civ. Code § 1785.25.

45. MFCU willfully furnished information to at least one credit reporting agency where MFCU knew or should have known the information was inaccurate in violation of Cal. Civ. Code § 1785.25(a).

46. Based on these violations of Civil Code § 1785.25, Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31 including statutory damages of $5,000 from MFCU for each month of inaccurate furnishing, for each agency, actual damages, attorney fees, costs, and injunctive relief.

### SECOND CAUSE OF ACTION
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32

47. Plaintiff incorporates by reference the above paragraphs of this complaint.

///

7

48. The RFDCPA, Cal. Civ. Code § 1788 et seq, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

49. MFCU attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

50. MFCU, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

51. Respondent used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f which violates Cal. Civ. Code § 1788.17.

52. Respondent did not comply with 15 U.S.C. §§ 1692b to 1692j as required by Cal. Civ. Code § 1788.17.

53. MFCU willfully and knowingly violated the RFDCPA. As a "debt collector" under the RFDCPA MFCU is fully aware of California's debt collection laws, including the RFDCPA and FDCPA as incorporated therein.

54. A willful violation occurs where the violator intends to do the act which makes up the violation. In the case of People v. Bell, 45 Cal. App. 4th 1030, the court found that the Penal Code definitions of "knowingly" and "willfully" were persuasive in determining the intent of Civil Code Sections. The court defined willfully and knowingly as requiring "only that the illegal act or omission occur 'intentionally,' without regard for the motive or ignorance of the act's prohibited character."

55. Plaintiff is entitled to damages as a result of MFCU's willful violations.

56. Plaintiff is also entitled to an award of attorney fees, costs, interest and any other relief the Court deems just and proper.

57. The foregoing act and/or omission constitutes a violation of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

58. As a result of the violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a

knowing or willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from MFCU.

### THIRD CAUSE OF ACTION
### FAIR CREDIT REPORTING ACT (FCRA)
### 15 U.S.C. § 1681 *ET SEQ.*

59. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

60. Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information to furnish consumer reports to third parties, as defined in 15 U.S.C. § 1681a(d).

61. As a credit reporting agency, Experian is required to comply with 15 U.S.C. § 1681 *et seq.*

62. In preparing Credit Reports, Experian failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Plaintiff, in violation of 15 U.S.C. § 1681e(b).

63. As a result of Experian's failure to use reasonable procedures in accordance with the requriements of 15 U.S.C. §1681e(b), Experian erroneously reported as due and owing discharged debts of Plaintiff.

64. The above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part to serve as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. § 1681(b).

///

9
Complaint for Damages

65. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for willfully and negligently violating the requirements imposed on Experian under 15 U.S.C. §1681e(b) to implement reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

66. Experian's conduct was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff.

### FOURTH CAUSE OF ACTION
### NEGLIGENCE

67. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

68. MFCU owed a duty of care to Plaintiff to furnish correct information to credit reporting agencies.

69. MFCU's conduct proximately caused injuries to Plaintiff.

70. Due to MFCU's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

71. Plaintiff believes and alleges that MFCU's conduct of furnishing incorrect information constitutes oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates MFCU's conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from MFCU in an amount according to proof.

### PRAYER FOR RELIEF
### CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE § 1785.25

72. Actual damages pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);

73. Statutory damages of $5,000 per violation, per account, per month of reporting, per agency pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

///

74. Injunctive relief to command MFCU to correct Plaintiff's credit reports and prohibit them from engaging in future violations of Cal. Civ. Code § 1785.25, pursuant to Cal. Civ. Code § 1785.31(b);

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32

75. An award of any actual damages pursuant to California Civil Code § 1788.30(a);

76. Statutory damages of $1,000 for violation of Cal. Civ. Code § 1788, et seq pursuant to Cal. Civ. Code § 1788.30(b);

77. Cumulative statutory damages of $1,000 for violations of 15 U.S.C. § 1692 et seq pursuant to 15 U.S.C. § 1692k(a)(2) via Cal. Civ. Code § 1788.17 that reads;

> "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

And Cal. Civ. Code § 1788.32 that reads;

> "The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law."

78. Attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

### FAIR CREDIT REPORTING ACT (FCRA)
### 15 U.S.C. § 1681 ET SEQ.

Wherefore, Plaintiff respectfully request the Court grant Plaintiff the following relief against Experian:

79. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

80. Statutory damages of $1,000 per month of reporting pursuant to 15 U.S.C. § 1681n(a)(1);

81. Such punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

82. Injunctive relief to prohibit Experian from engaging in future violations;
83. Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
84. Any other relief the Court may deem just and proper including interest.

### NEGLIGENCE

85. Plaintiff is entitled to actual and punitive damages in an amount to be established at trial.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury on all counts so triable.

Date: March 26, 2021          **SWIGART LAW GROUP, APC**

By: s/ Joshua Swigart
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com
*Attorney for Plaintiff*